*A/sc*

**CLOSED**

# U.S. District Court
## Eastern District of New York (Central Islip)
### CIVIL DOCKET FOR CASE #: 2:03-cv-00887-ADS
Internal Use Only

Varley et al v. The McGuire Group, Inc. et al
Assigned to: Judge Arthur D. Spatt
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 29:201 Fair Labor Standards Act

**04  CV  0075** *A/sc*

Date Filed: 02/24/03
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**
------------------------

**Theresa Varley**                         represented by   **Robert D. Lipman**
                                                            Lipman & Plesur, LLP
                                                            The Jericho Atrium
                                                            500 N. Broadway
                                                            Suite 105
                                                            Jericho, NY 11753-2131
                                                            516 931 0050
                                                            Email: lipman@lipmanplesur.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Judy Altman, *Individually, On Behalf of All Others Similarly Situated and as Class Representatives***    represented by   **Robert D. Lipman**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**
------------------------

**The McGuire Group, Inc.**                represented by   **Paul J. Siegel**
                                                            Jackson Lewis, LLP
                                                            1000 Woodbury Road
                                                            Suite 402
                                                            Woodbury, NY 11797
                                                            (516) 364-0404
                                                            Fax : (516) 364-0466
                                                            Email: siegelp@jacksonlewis.com
                                                            *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Francis J. McGuire**                    represented by    **Paul J. Siegel**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 02/24/2003 | 1 | COMPLAINT against Francis J. McGuire, The McGuire Group, Inc. ( Filing fee receipt number 8773.) Summons Issued, filed by Judy Altman, Theresa Varley. (Attachments: # 1 Civil Cover Sheet)(Serret, Liliana) (Entered: 02/25/2003) |
| 03/11/2003 | 2 | SUMMONS Returned Executed by Judy Altman, Theresa Varley. The McGuire Group, Inc. served on 3/3/2003; Answer due 3/24/2003. (Coleman, Lauric) (Entered: 03/18/2003) |
| 03/11/2003 | 3 | SUMMONS Returned Executed by Judy Altman, Theresa Varley. Francis J. McGuire served on 3/3/2003; Answer due 3/24/2003. (Coleman, Laurie) (Entered: 03/18/2003) |
| 03/25/2003 | 4 | ANSWER to Complaint, filed by Francis J. McGuire, The McGuire Group, Inc.(Fagan, Linda) (Entered: 04/02/2003) |
| 03/25/2003 | 5 | CERTIFICATE PURSUANT TO RULE 7.1 OF THE F.R.C.P., filed by Francis J. McGuire, The McGuire Group, Inc. (Fagan, Linda) (Entered: 04/02/2003) |
| 07/07/2003 | 6 | AFFIDAVIT of Service for Consent to Become Party Plaintiff served on Paul J. Siegel, Esq., Jackson Lewis, LLP, on 7/2/03, filed by Judy Altman and Theresa Varley, plaintiffs. (Dachille, Patty) (Entered: 08/14/2003) |
| 08/06/2003 | 7 | ORDER - A conference will be held in this case on 9/29/03 @ 2:00 p.m. before USMJ Lindsay. All counsel must be present. (Signed by Judge Arlene R. Lindsay, on 8/6/03). C/M (Coleman, Laurie) (Entered: 08/19/2003) |
| 08/13/2003 | 8 | ORDER: Consent to become a party pltff by Jean Kushner - I hereby authorize the filing and prosecution of a Fair Labor Standards Act action in my name and on behalf by the above representative pltffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the entering into an agreement with pltffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. (Signed by Judge Arthur D. Spatt, |

| | | |
|---|---|---|
| | | on 8/13/03). (Coleman, Laurie) (Entered: 09/08/2003) |
| 08/13/2003 | 9 | ORDER: Consent to become a party pltff by Donna Markey - I hereby authorize the filing and prosecution of a Fair Labor Standards Act action in my name and on behalf by the above representative pltffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the entering into an agreement with pltffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. (Signed by Judge Arthur D. Spatt, on 8/13/03).(Coleman, Laurie) (Entered: 09/08/2003) |
| 08/13/2003 | 10 | ORDER: Consent to become a party pltff by Mary Rabeno - I hereby authorize the filing and prosecution of a Fair Labor Standards Act action in my name and on behalf by the above representative pltffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the entering into an agreement with pltffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. (Signed by Judge Arthur D. Spatt, on 8/13/03).(Coleman, Laurie) (Entered: 09/08/2003) |
| 08/13/2003 | 11 | ORDER: Consent to become a party pltff by Patricia M. Valenti - I hereby authorize the filing and prosecution of a Fair Labor Standards Act action in my name and on behalf by the above representative pltffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the entering into an agreement with pltffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. (Signed by Judge Arthur D. Spatt, on 8/13/03). (Coleman, Laurie) (Entered: 09/08/2003) |
| 08/13/2003 | 12 | ORDER: Consent to become a party pltff Laurine Williams - I hereby authorize the filing and prosecution of a Fair Labor Standards Act action in my name and on behalf by the above representative pltffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the entering into an agreement with pltffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. (Signed by Judge Arthur D. Spatt, on 8/13/03).(Coleman, Laurie) (Entered: 09/08/2003) |
| 09/29/2003 | 13 | LETTER from Robert Lipman to Judge Lindsay Re: Both parties in the case have agreed to conditionally certify the class and move the case to the Western District of NY. Therefore, we understand the conference scheduled for today @ 2:00 p.m. will be adjourned. (Coleman, Laurie) (Entered: 10/08/2003) |
| 09/29/2003 | | ENDORSEMENT of [13] Letter - Application granted. The conference scheduled for today is cancelled. This case is respectfully returned to the District Court for final disposition. (Signed by Judge Arlene R. Lindsay on 9/29/03). EOD #13. C/F(Coleman, Laurie) |

| | | |
|---|---|---|
| | | (Entered: 10/08/2003) |
| 09/30/2003 | 🌑 | Judge Arlene R. Lindsay no longer assigned to case. See Order dtd 9/29/03. (Garcia, Maria) (Entered: 09/30/2003) |
| 12/03/2003 | 🌑14 | STIPULATION AND ORDER TRANSFERRING VENUE - For the convenience of the parties and witnesses in this action and in the interest of justice, the parties agree and is is hereby Ordered that this action shall be transferred to the United District Court for the Western District of New York. (Signed by Judge Arthur D. Spatt on 12/3/03). C/M(Coleman, Laurie) (Entered: 01/06/2004) |
| 12/03/2003 | | ***Civil Case Terminated. (Coleman, Laurie) (Entered: 01/06/2004) |
| 01/28/2004 | 🌑15 | Letter from Cinthia L. Mahon to Rodney C. Early, Clerk, WDNY, dated 1/28/04 re: transferring this case to the WDNY pursuant to the order of Judge Spatt dated 12/3/03. (Sent by Cert. Mail, RRR, # 7000, 1670 0008 8368 1319) (Mahon, Cinthia) (Entered: 01/28/2004) |



A TRUE COPY
ATTEST

DATED _Jan 28_ 20 _04_

ROBERT C. HEINEMANN

BY _C L Mahon_ CLERK

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------

THERESA VARLEY and JUDY ALTMAN
Individually, On Behalf of All Others Similarl
Situated and as Class Representatives,

                            Plaintiffs,

                -against-

THE McGUIRE GROUP, INC. and FRANCIS J.
McGUIRE,

                       Defendants.

--------------------------------------------------------

Case No. CV 03 0887

Spatt, J.
Lindsay, M.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D NY

★   DEC 0 ■ 2003   ★

16-04 Lac
LONG ISLAND OFFICE

## STIPULATION AND ORDER
## TRANSFERRING VENUE

        IT IS HEREBY STIPULATED AND AGREED, by and among the parties to the above-captioned action, through their undersigned counsel, as follows:

        1.     This is an action under the Fair Labor Standards Act and the New York Labor Law, in which Plaintiffs seek to represent themselves and incumbent and former employees of certain skilled nursing facilities in the State of New York. Five of the seven facilities are located within the venue of the United States District Court for the Western District of New York. Only two of those facilities are located within the venue of this Court.

        2.     Venue is proper in the Western District because the named Defendants reside within the venue of the Western District; the majority of the potential class members live and work in that District; and, most of the witnesses and documentary evidence are located within the Western District. Accordingly, this action will be more efficiently administered if it proceeds in that District.

3.      Pursuant to Title 28 U.S.C. §1391(b) and Title 28 U.S.C. §1404(a), the Court has discretion to transfer this action to that District because this action originally could have been brought in that District.

4.      No orders have been entered and no action has been taken by this Court in this lawsuit.

5.      For the convenience of the parties and witnesses in this action and in the interests of justice, the parties agree and IT IS HEREBY ORDERED that this action shall be transferred to the United States District Court for the Western District of New York.

6.      Nothing herein shall constitute an admission by Defendants of unlawful conduct or wrongdoing of any kind or act as a bar to any defenses that any Defendant may have in this lawsuit.

| LIPMAN & PLESUR, LLP<br>*ATTORNEYS FOR PLAINTIFFS*<br>The Jericho Atrium<br>500 N. Broadway, Suite 105<br>Jericho, New York 11753-2131<br>(516) 931-0050<br><br>By: _____<br>ROBERT D. LIPMAN, ESQ.<br>(RL3564) | JACKSON LEWIS LLP<br>*ATTORNEYS FOR DEFENDANTS*<br>1000 Woodbury Road, Suite 402<br>Woodbury, New York  11797<br>516-364-0404<br><br>By: _____<br>PAUL J. SIEGEL, ESQ. (PS2245)<br>MARC S. WENGER, ESQ. (MW8910) |

SO ORDERED on this _3_ day of ~~October~~, 2003

_____
United States District Judge
Arthur D. Spatt

I:\Clients\M\36448\65384\Pleadings\Stip. for transfer.doc

A TRUE COPY
ATTEST
DATED Jan. 28, 20 04
ROBERT C. HEINEMANN
CLERK
BY _____
DEPUTY CLERK

-2- Mr. Siegel

~~MOVANT'S COUNSEL~~ IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

D&F
WF
CF

# LIPMAN & PLESUR, LLP

### PRACTICE IN THE AREA OF EMPLOYMENT AND LABOR LAW

THE JERICHO ATRIUM • 500 N. BROADWAY • SUITE 105 • JERICHO, NY 11753-2131 • 516-931-0050

1350 BROADWAY • SUITE 2210 • NEW YORK, NY 10018-7802 • 212-661-0085

FACSIMILE 516-931-0030

attorneys@lipmanplesur.com

September 29, 2003

**VIA FACSIMILE (631-712-5735)**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

Magistrate Judge Arlene R. Lindsay★      SEP 29 2003      ★
United States District Court
Eastern District of New York                    10-0-03
814 Federal Plaza                         LONG ISLAND OFFICE
Central Islip, New York  11722-4451

Re:  Theresa Varley and Judy Altman, Individually,
     on Behalf of All Others Similarly Situated
     and as Class Representatives vs. The McGuire
     Group, Inc. and Francis J. McGuire
     Case No. CV 03 0887 (ADS)(ARL)

Dear Honorable Judge Lindsay:

        We represent the plaintiffs in the above-referenced
action.  As we discussed earlier today with your Chambers, both
parties in the case have agreed to conditionally certify the
class and move the case to the Western District of New York.
Therefore, we understand that the conference scheduled for today
at 2:00 p.m. will be adjourned.

                              Very truly yours,

                              Robert D. Lipman

RDL/kdi

cc:  Marc S. Wenger, Esq. (via facsimile)

9/29/03
Application granted. The conference scheduled for today
is cancelled. This case is respectfully returned to the
District Court for final disposition.
So Ordered.

MOVANTS CCL                          A COPY
OF THIS ORDER ON

TOTAL P.02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

                              Plaintiffs,

          -against-

THE McGUIRE GROUP, INC. and
FRANCIS J. McGUIRE,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 07 2003   ★

LONG ISLAND OFFICE

Case No.
CV 03 0887(ADS)(ARL)

RECEIVED IN CHAMBERS

JUL 7 2003

### CONSENT TO BECOME PARTY PLAINTIFF

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.  I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

Jean Kushner
343-A Hawkins Ave
Ronkonkoma NY 11779
(Print name and address)

631 - 585 - 8080
(Phone)

_____
(Signature)

5/3/03
(Date)

**SO ORDERED**

_____
ARTHUR D. SPATT, U.S. District Judge

DATED: ____8/13/03____

If you want to JOIN this lawsuit, complete and submit this form
to:

                    Robert D. Lipman, Esq.
                    David A. Robins, Esq.
                    LIPMAN & PLESUR, LLP
                     The Jericho Atrium
                        Suite 105
                    500 North Broadway
                    Jericho, NY  11753
                      516-931-0050

MOVANT'S COUNSEL IS DIRECTED TO SERVE A
COPY OF THIS ORDER ON ALL PARTIES UPON
RECEIPT.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

                Plaintiffs,       Case No. CV 03 0887

     -against-     U.S.         NY Spatt, J.
                               Lindsay, M.

THE McGUIRE GROUP, INC. and   JUL 0   2003
FRANCIS J. McGUIRE,

               Defendants.    OFFICE
----------------------------------------X

### CONSENT TO BECOME PARTY PLAINTIFF

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.  I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

      ~~SO ORDERED~~

    _Don____ M/A_____
    (Print name and address)

**ARTHUR D. SPATT, U.S. District Judge**

    _631-265-0867_____
    (Phone)

**DATED:** _8/13/03_

    _____
    (Signature)

    _4/28/03_____
    (Date)

If you want to JOIN this lawsuit, complete and submit this form
to:

          Robert D. Lipman, Esq.
          David A. Robins, Esq.
         LIPMAN & PLESUR, LLP
          The Jericho Atrium
            Suite 105
         500 North Broadway
         Jericho, NY  11753
          516-931-0050
            MOVANT'S COUNSEL IS DIRECTED TO SERVE A
            COPY OF THIS ORDER ON ALL PARTIES UPON
            RECEIPT.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

                       Plaintiffs,

       -against-

THE McGUIRE GROUP, INC. and
FRANCIS J. McGUIRE,

                  Defendants.
------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

✶    JUL 0 7 2003    ✶

09-08-03 * LLC*

LONG ISLAND OFFICE

### CONSENT TO BECOME PARTY PLAINTIFF

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.  I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

MARY RABENO 36 BRENTWOOD PKWY
(Print name and address) BRENTWOOD N.Y 11717

631 435-8513
(Phone)

*Mary Rabeno*
(Signature)

2/28/03
(Date)

**SO ORDERED**

*Arthur D. Spatt*
ARTHUR D. SPATT, U.S. District Judge

DATED:_____ 8/13/03

If you want to JOIN this lawsuit, complete and submit this form
to:

            Robert D. Lipman, Esq.
            David A. Robins, Esq.
           LIPMAN & PLESUR, LLP
            The Jericho Atrium
               Suite 105
           500 North Broadway
            Jericho, NY  11753
             516-931-0050

10

MOVANT'S COUNSEL IS DIRECTED TO SERVE A
COPY OF THIS ORDER ON ALL PARTIES UPON
RECEIPT.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

                    Plaintiffs,

        -against-

THE McGUIRE GROUP, INC. and
FRANCIS J. McGUIRE,

                    Defendants.
----------------------------------------X

<u>FILED</u>
~~~~~~~~~~~~~CE
~~~~~~~~~D.N.Y

~~~~JUL~~~~~~    ★

~~~~~~~~~~~~~CE

                <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.  I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

**SO ORDERED**

_Patricia M. Valenti_
(Print name and address)

_631-585-2331_
(Phone)

_Patricia M. Valenti_
(Signature)

_3/25/03_
(Date)

ARTHUR D. SPATT, U.S. District Judge

DATED: _8/13/03_

If you want to JOIN this lawsuit, complete and submit this form
to:

                Robert D. Lipman, Esq.
                David A. Robins, Esq.
                LIPMAN & PLESUR, LLP
                The Jericho Atrium
                Suite 105
                500 North Broadway
                Jericho, NY  11753
                516-931-0050

_11_

DEFENDANT'S COUNSEL IS DIRECTED TO SERVE A
COPY OF THIS ORDER ON ALL PARTIES UPON
RECEIPT.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

                        Plaintiffs, FILED    Case No. CV 03 0887

        -against-        U.S.           Spatt, J.
                                          Lindsay, M.

THE McGUIRE GROUP, INC. and ★   JUL 0 7 2003   ☆
FRANCIS J. McGUIRE,
                              09-08-03 Lss
                   Defendants. LONG ISLAND OFFICE
----------------------------------------X

### CONSENT TO BECOME PARTY PLAINTIFF

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.  I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

                          _LAURINE WILLIAMS_
                          (Print name and address)

**SO ORDERED**
                          _631 979 6799_
                          (Phone)

**ARTHUR D. SPATT, U.S. District Judge**
                          _Laurine Williams_
                          (Signature)

**DATED:** _8/13/03_
                          _5/3/03_
                          (Date)

If you want to JOIN this lawsuit, complete and submit this form
to:

                    Robert D. Lipman, Esq.
                    David A. Robins, Esq.
                    LIPMAN & PLESUR, LLP
                    The Jericho Atrium
                        Suite 105
                    500 North Broadway
                    Jericho, NY  11753    _12_
                      516-931-0050

                   **MOVANT'S COUNSEL IS DIRECTED TO SERVE A
                   COPY OF THIS ORDER ON ALL PARTIES UPON
                   RECEIPT.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------x

**THERESA VARLEY**                                        ORDER

Plaintiff(s),                      CV 03-887 (ADS)

- against -

**THE MCGUIRE GROUP, et al**

Defendant(s).

------------------------------------------------------x

The above case has been referred by the **United States District Judge Arthur D. Spatt** to

the undersigned.

A conference will be held in this case on **September 29, 2003 at 2:00 p.m.** before Arlene

R. Lindsay, United States Magistrate Judge, United States District Court, 810 Federal Plaza, Central

Islip, NY 11722.  All counsel must be present.

No request for an adjournment will be considered unless received by letter, on consent, at

least forty-eight (48 ) hours before the scheduled conference.

**BEFORE APPEARING, COUNSEL ARE TO CONSULT WITH EACH OTHER ON**

**SUCH MATTERS AS: TRIAL BEFORE A MAGISTRATE JUDGE, PROSPECTIVE**

**MOTIONS, TIME NEEDED TO COMPLETE DISCOVERY, AND THE PROSPECT OF**

**SETTLEMENT.**

All counsel are required to comply with the district's local rules, as well as this Court's

individual rules, copies of which can be obtained from the EDNY'S web site at

www.nyed.uscourts.gov.

Plaintiff's counsel is directed to ensure that a copy of this Order be served on all parties.


**SO ORDERED.**

Dated:      August 6, 2003
            Central Islip, New York

                                        Arlene Rosario Lindsay
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

(ADS)

                    Plaintiffs,          CV 03 0887 ~(JS)~(ML)

        -against-                        **AFFIDAVIT OF SERVICE**

THE McGUIRE GROUP, INC. and
FRANCIS J. McGUIRE,

                                         **FILED**
                                         IN CLERK'S OFFICE
                                         U.S. DISTRICT COURT E.D.N.Y.

                    Defendant.
----------------------------------------X          ★ JUL 07 2003 ★
STATE OF NEW YORK  )                       Entered 8/14/03 __
                   )  ss.:
COUNTY OF NASSAU   )                       **LONG** ISLAND OFFICE

        Kathleen D. Ibrahim, being duly sworn, deposes and says,
that deponent is not a party to this action, is over 18 years of
age and resides at Selden, New York; that on the 2nd day of July
2003, deponent served true and correct copies of **CONSENT TO BECOME
PARTY PLAINTIFF** signed by Jean Kushner, Donna Markey, Mary Rabeno,
Patricia M. Valenti and Laurine Williams in this matter upon:

                Paul J. Siegel, Esq.
                Jackson Lewis LLP
                1000 Woodbury Road, Suite 402
                New York, NY  11797

at the address designated by said attorney(s) for that purpose by
depositing a true copy of same enclosed in a post-paid, properly
addressed wrapper, in an official depository under the exclusive
care and custody of the United States Postal Service within the
State of New York.

                                    _Kathleen D. Ibrahim_
                                    Kathleen D. Ibrahim

Sworn to before me this
2nd day of July 2003.

_____
Notary Public

6

LAURIE J. TARLOV
Notary Public, State Of New York
No. 01TA6079410
Qualified In Suffolk County
Commission Expires Aug. 26, 20 06

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
ATTORNEYS FOR DEFENDANTS
1000 Woodbury Road, Suite 402
Woodbury, New York  11797
(516) 364-0404

ATTORNEY OF RECORD:
      PAUL J. SIEGEL, ESQ. (PS2245)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAR 2 5 2003    ★

LONG ISLAND OFFICE

--------------------------------------------------x

THERESA  VARLEY  and  JUDY  ALTMAN,
Individually, On Behalf of All Others Similarly
Situated and as Class Representatives,

                      Plaintiffs,

           -against-

THE McGUIRE GROUP, INC. and FRANCIS
J. McGUIRE,

                    Defendants.

--------------------------------------------------x

Case No. CV 03 0887

Spatt, J.
Lindsay, M.

TO:    ROBERT D. LIPMAN, ESQ.
       DAVID A. ROBINS, ESQ.
       LIPMAN & PLESUR, LLP
       ATTORNEYS FOR PLAINTIFFS
       The Jericho Atrium
       500 N. Broadway, Suite 105
       Jericho, New York 11753-2131
       (516) 931-0050

### CERTIFICATE PURSUANT TO RULE 7.1 OF THE
### FEDERAL RULES OF CIVIL PROCEDURE

      Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable the

Judges and Magistrates of this Court to evaluate possible disqualification or recusal, the

undersigned counsel for Defendants, sued herein as "The McGuire Group, Inc. and Francis J.

1

McGuire", certify that: (a) Defendants are not governmental entities and (b) the corporate

Defendant is not publicly-held and has no publicly-held parent corporation, subsidiary or

affiliate.


Dated: Woodbury, New York
          March 19, 2003

                                            Respectfully submitted,

                                            JACKSON LEWIS LLP
                                            *ATTORNEYS FOR DEFENDANT*
                                            1000 Woodbury Road, Suite 402
                                            Woodbury, New York 11797
                                            (516) 364-0404

                              By: _____
                                            Paul J. Siegel, Esq. (PS2245)

## CERTIFICATE OF SERVICE

I hereby certify that on this ⟍⟍ day of March, 2003, I caused a true and correct copy of the enclosed Certificate Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure to be served upon the following parties, via First Class Mail, by depositing said copy into an official depository under the exclusive care and custody of the United States Postal Service addressed to:

ROBERT D. LIPMAN, ESQ.
DAVID A. ROBINS, ESQ.
LIPMAN & PLESUR, LLP
ATTORNEYS FOR PLAINTIFFS
The Jericho Atrium
500 N. Broadway, Suite 105
Jericho, New York 11753-2131

Paul J. Siegel, Esq. (PS2245)

I:\Clients\M\36448\65384\Pleadings\Rule 7.1.doc

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
ATTORNEYS FOR DEFENDANTS
1000 Woodbury Road, Suite 402
Woodbury, New York  11797
(516) 364-0404

ATTORNEY OF RECORD:
      PAUL J. SIEGEL, ESQ. (PS2245)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 2 5 2003 ★

LONG ISLAND OFFICE

--------------------------------------------------x

THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of All Others Similarly
Situated and as Class Representatives,

                           Plaintiffs,

           -against-

THE McGUIRE GROUP, INC. and FRANCIS
J. McGUIRE,

                         Defendants.

--------------------------------------------------x

Case No. CV 03 0887

Spatt, J.
Lindsay, M.

TO:    ROBERT D. LIPMAN, ESQ.
         DAVID A. ROBINS, ESQ.
         LIPMAN & PLESUR, LLP
         ATTORNEYS FOR PLAINTIFFS
         The Jericho Atrium
         500 N. Broadway, Suite 105
         Jericho, New York 11753-2131
         (516) 931-0050

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

    Defendants, sued herein as "The McGuire Group, Inc." and "Francis J. McGuire",

by and through their undersigned counsel, state as follows:

## AS TO "PRELIMINARY STATEMENT"

1.      Defendants deny the allegations contained in paragraph "1" of the Complaint.

2.      Defendants deny the allegations contained in paragraph "2" of the Complaint.

## AS TO "JURISDICTION AND VENUE"

3.      Defendants deny the allegations contained in paragraph "3" of the Complaint.

4.      Defendants deny the allegations contained in paragraph "4" of the Complaint.

## AS TO "PARTIES"

5.      Defendants deny the allegations contained in paragraph "5" of the Complaint.

6.      Defendants deny the allegations contained in paragraph "6" of the Complaint.

7.      Defendants deny the allegations contained in paragraph "7" of the Complaint.

8.      Defendants deny the allegations contained in paragraph "8" of the Complaint.

9.      Defendants deny the allegations contained in paragraph "9" of the Complaint.

10.     Defendants deny the allegations contained in paragraph "10" of the Complaint.

11.     Defendants deny the allegations contained in paragraph "11" of the Complaint.

12.     Defendants deny the allegations contained in paragraph "12" of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION"

13.     Defendants deny the allegations contained in paragraph "13" of the Complaint.

## AS TO "CLASS ALLEGATIONS"

14.     Defendants deny the allegations contained in paragraph "14" of the Complaint.

15.     Defendants deny the allegations contained in paragraph "15" of the Complaint.

16.     Defendants deny the allegations contained in paragraph "16" of the Complaint.

17.     Defendants deny the allegations contained in paragraph "17" of the Complaint.

## AS TO "FACTS"

18.     Defendants deny the allegations contained in paragraph "18" of the Complaint.

19.     Defendants deny the allegations contained in paragraph "19" of the Complaint.

20.     Defendants deny the allegations contained in paragraph "20" of the Complaint.

21.     Defendants deny the allegations contained in paragraph "21" of the Complaint.

22.     Defendants deny the allegations contained in paragraph "22" of the Complaint.

## AS TO THE "FIRST CAUSE OF ACTION"

23.     Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "22" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

24.     Defendants deny each and every allegation contained in paragraph "24" of the Complaint.

25.     Defendants deny each and every allegation contained in paragraph "25" of the Complaint.

## AS TO THE "SECOND CAUSE OF ACTION"

26.     Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "25" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

27.     Defendants deny each and every allegation contained in paragraph "27" of the Complaint.

## AS TO THE "THIRD CAUSE OF ACTION"

28.     Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "27" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

-4-

29.     Defendants deny each and every allegation contained in paragraph "29" of the Complaint.

## AS TO THE "FOURTH CAUSE OF ACTION"

30.     Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "29" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

31.     Defendants deny each and every allegation contained in paragraph "31" of the Complaint.

## AS TO THE "PRAYER FOR RELIEF"

32.     Defendants deny each and every allegation, claim for relief or other statement contained in the "PRAYER FOR RELIEF" in the Complaint.

## AS TO THE "DEMAND FOR TRIAL BY JURY"

33.     Defendants deny that Plaintiffs are entitled to a trial by jury in the manner sought in the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34.     Plaintiff's Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35.     At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiffs under federal, state or local laws, rules, regulations or guidelines.

-5-

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37.     Defendants believed in good faith and had reasonable ground(s) to believe that Plaintiffs were exempt from the overtime requirements of the FLSA and New York law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38.     Plaintiffs and the putative class members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA").

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39.     Plaintiffs are not adequate representatives of the putative class members and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40.     The Complaint is barred, in whole or in part, pursuant, <u>inter alia</u>, to 29 U.S.C. §§258(a) and 259(a), because Defendants have, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41.     The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42.     The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43.     The relief sought in the Complaint is barred, in whole or in part, because Plaintiffs are estopped by their own conduct from obtaining relief, on an individual or collective basis, against Defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

44.     Any relief or recovery to which Plaintiffs may be entitled is barred, in whole or in part, by the doctrine of after-acquired evidence, which limits or reduces any alleged relief or recovery.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

45.     This case is not appropriate for class certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective or Rule 23 class members.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiffs cannot establish and maintain a collective or Rule 23 class action because they cannot demonstrate that a class or collective action is superior to other methods available for adjudicating the controversy.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiffs cannot establish and maintain a collective or Rule 23 class action because a problem of manageability would be created by reason of the complexity and/or

proliferation of issues in the case, as well as the geographic dispersion and different, inter alia, job duties, shifts and supervisors of the putative plaintiffs..

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

48.     Plaintiffs cannot establish and maintain a collective or Rule 23 class action under New York law because supplemental or pendent jurisdiction should not be exercised over those non-federal claims.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

49.     Venue does not exist over the purported unidentified Plaintiffs, including those working in or about Buffalo, New York.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

50.     To the extent any Plaintiff or putative Plaintiff is exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act, he or she is not entitled to overtime compensation under the FLSA or under New York law pursuant, inter alia, to the New York Miscellaneous Wage Order.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

51.     This action cannot be certified and pendent or other jurisdiction should not be exercised over Plaintiffs' New York Wage Law claim because, inter alia, Plaintiffs seek to evade the prohibition against a class action resulting from Article 9 of the CPLR and, moreover, New York wage law is significantly different from the FLSA.

## AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

52.     Plaintiffs have been paid all wages due and, as such, cannot state a cause of action upon which relief could be granted.

# AFFIDAVIT OF SERVICE ON A CORPORATION

| | | | |
|---|---|---|---|
| State of: | New York | | Eastern District |
| Court: | U.S. District | Index #: | CV03-0887 |
| | | Date Purchased: | 2/24/2003 |

*Plaintiff/Petitioner:*

**Theresa Varley and Judy Altman, Individually, on behalf of all others similarly situated and as class representatives**

*Defendant/Respondent:* *vs:*

**The McGuire Group, Inc. and Francis J. McGuire**

---

State of: NY
County of: Niagara

James D. Barnes, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides at: Tonawanda , NY

**FILED**

that on: **3/3/2003** at: **2:00 p.m.** at: 100 Seneca Street, Suite 500, Buffalo, NY 14203 IN CLERK'S OFFICE
deponent served the within: U.S. DISTRICT COURT E.D.N.Y

**Summons & Complaint**

★ MAR 1 1 2003 ★

3-18-03 *Loc*

\* **PAPERS SERVED WITH INDEX # & DATE PURCHASED** LONG ISLAND OFFICE
\* Return Date if any:

ON: **The McGuire Group, Inc.**

**CORPORATION** A corporation, by delivering thereat a true copy of each to: Michele Alicea
☒ personally, deponent knew said corporation so served to be the corporation, described in same as Defendant and knew said individual to be: Managing Agent ,thereof an authorized person to accept service of process.

**DESCRIPTION** SEX: Female, SKIN COLOR: White, AGE: 21 - 35 Yrs., HEIGHT: 5'4" - 5'8",
☒ HAIR COLOR: Black, WEIGHT: 100 - 130 Lbs.,
Other identifying features:

**WITNESS FEE** $ the authorizing traveling expenses and one day's witness fee was paid(tendered) to the
☐ Defendant.

---

Sworn to before me on this: 3/4/2003

_____
Notary Public

**NANCY R. ADAMS**
**Notary Public - State of New York**
**Qualified in Niagara County**
**My Commission Expires**
**March 27, 2006**

_____ ss
Print name below signature
James D. Barnes

Action#: 200304724 Client File#: 0224693

*2, 3*

| | | |
|---|---|---|
| State of: New York | Index #: | Eastern District |
| Court: U.S. District | Date Purchased: | CV03-0887 |
| | | 2/24/2003 |

*Plaintiff/Petitioner:*

**Theresa Varley and Judy Altman, Individually, on behalf of all others similarly situated and as class representatives**

*Defendant/Respondent:*                                    *vs:*

**The McGuire Group, Inc. and Francis J. McGuire**

State of: NY
County of: Niagara

James D. Barnes, being duly sworn, deposes and says: that deponent is not a party to this action,
is over 18 years of age and resides at: Tonawanda , NY
that on: **3/3/2003** at: **2:00 p.m.** at: 100 Seneca Street, Suite 500, Buffalo, NY 14203
deponent served the within:

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

**Summons & Complaint**

★ **MAR 1 1 2003** ★
3-18-03

\*      **PAPERS SERVED WITH INDEX # & DATE PURCHASED**
\*      Return Date if any:

LONG ISLAND OFFICE

ON: **Francis J. McGuire**

SUITABLE
AGE PERSON        By delivering there at a true copy of each to: Michele Alicea, Managing Agent , a person of
☒        suitable age and discretion.  Said premises is Defendant's , Place of business
            within the state.

MAILING          Deponent completed service under the last two sections by depositing a copy of the same to the above address in a First
☒        Class post paid properly addressed envelope marked "Personal & Confidential" in an official depository under the
            exclusive care and custody of the U.S.P.O. in the State of N.Y., on: 3/4/2003 , if Certified #:

DESCRIPTION      SEX: Female,        SKIN COLOR: White,        AGE: 21 - 35 Yrs.,        HEIGHT: 5'4" - 5'8",
☒        HAIR COLOR: Black,        WEIGHT:  100 - 130 Lbs.,
            Other identifying features:

WITNESS FEE      $      the authorizing traveling expenses and one day's witness fee was paid(tendered) to the
☐        Defendant.

MILITARY
SERVICE          Deponent asked, Michele Alicea, Managing Agent, if the Defendant was presently in the military service of the United Stat
☒        Government or on active duty in the military service in the State of New York and was informed he/she was not.

Sworn to before me on this: 3/4/2003

_____
Notary Public

_____  ss
Print name below signature
James D. Barnes

**NANCY R. ADAMS**
**Notary Public - State of New York**
**Qualified in Niagara County**
**My Commission Expires**
**March 27, 2006**

Action#: 200304734

Client File#: 0224693

*3*

RECEIVED IN CHAMBERS

MAR 11 2003

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court
## *Eastern District of New York*

THERESA VARLEY AND JUDY ALTMAN,
INDIVIDUALLY, ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED AND AS
CLASS REPRESENTATIVES

### SUMMONS IN A CIVIL CASE

v.

THE MCGUIRE GROUP, INC. AND
FRANCIS J. MCGUIRE

CASE NUMBER:

# CV 03 0887

## SPATT, J.
## LINDSAY, M.

**TO:** (Name and address of defendant)

THE MCGUIRE GROUP, INC., 100 SENECA STREET, SUITE 500, BUFFALO, NY 14203
FRANK J. MCGUIRE, 100 SENECA STREET, SUITE 500, BUFFALO, NY 14203

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LIPMAN & PLESUR, LLP
500 NORTH BROADWAY, SUITE 105
JERICHO, NY 11753

an answer to the complaint which is herewith served upon you, within ___20___ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this
Court within a reasonable period of time after service.

**ROBERT C. HEINEMANN**

FEB 2 4 2003

CLERK

*A. Basile*

(BY) DEPUTY CLERK

DATE

CV-03  0887

SI  FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
2/25/03  RA
FEB 24 2003
LONG ISLAND OFFICE

★  SPATT, J.

★  LINDSAY, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THERESA VARLEY and JUDY ALTMAN,
Individually, On Behalf of
All Others Similarly Situated
and as Class Representatives,

Plaintiffs,      **COMPLAINT**

-against-      ___ Civ.___ (   )

THE McGUIRE GROUP, INC. and
FRANCIS J. McGUIRE,      **PLAINTIFFS DEMAND A**
**TRIAL BY JURY**

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiffs Theresa Varley ("Varley" or "plaintiff

Varley") and Judy Altman ("Altman" or "plaintiff Altman"), on

behalf of themselves and all others similarly situated and as

class representatives, by their attorneys, Lipman & Plesur, LLP,

complain of defendants The McGuire Group, Inc. and Francis J.

McGuire (hereinafter collectively referred to as "defendants"),

as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs complain on behalf of themselves, and

other similarly situated current and former employees of

defendants who were paid on an hourly basis, who may elect to opt

into this action pursuant to the Fair Labor Standards Act, 29

U.S.C. § 216(b), that they are (i) owed back wages from

defendants for overtime work for which they did not receive any

overtime premium pay, and (ii) entitled to liquidated damages

pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA").

    2.   Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former employees of defendants who worked on an hourly basis, pursuant to Fed. R. Civ. Proc. 23, that they (i) are owed back wages from defendants for overtime work for which they did not receive any overtime premium pay; and (ii) are owed back wages from defendants for work for which they did not receive any straight pay under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (hereinafter referred to as the "NYLL").

### JURISDICTION AND VENUE

    3.   Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

    4.   The venue of this action is proper because a substantial part of the events or omissions giving rise to the

claims occurred within, and defendants maintain and/or operate
facilities within, the Eastern District of New York.

## PARTIES

5.   Plaintiffs and their similarly situated co-workers
were employed by defendants and paid on an hourly basis for work
in one or more of the following job titles:  Nurse Supervisor,
Registered Nurse, Licensed Practical Nurse and Certified Nursing
Assistant.

6.   At all times relevant, plaintiffs were covered by
the FLSA and the NYLL.

7.   Upon information and belief, The McGuire Group,
Inc. is a New York corporation that owns, operates and does
business as eight healthcare facilities in New York, all of which
are a single enterprise.

8.   Upon information and belief, Francis J. McGuire is
an operator of some of the nursing homes and the chief executive
of The McGuire Group, Inc.

9.   Upon information and belief, The McGuire Group,
Inc. was responsible for the failure to lawfully pay plaintiffs
and the class members.

10.  Upon information and belief, Francis J. McGuire
was responsible for the failure to lawfully pay plaintiffs and
the class members.

11.   Defendants are joint employers with each nursing
home that they operate, as evidenced by, *inter alia*, common labor
policies.

12.   At all relevant times, defendants affected
commerce within the meaning of 29 U.S.C. § 203(b).

## FLSA COLLECTIVE ACTION

13.   The named plaintiffs bring this action on behalf
of themselves and all others similarly situated, pursuant to 29
U.S.C. § 216(b).   Persons similarly situated who may opt into
this action under the FLSA are those who are and/or were employed
by defendants and paid on an hourly pay basis for work in one or
more of the following job titles:   Nurse Supervisor, Registered
Nurse, Licensed Practical Nurse and Certified Nursing Assistant
at any time after March 1, 2000.

## CLASS ALLEGATIONS

14.   Plaintiffs sue on their own behalf and on behalf
of a class of persons under Rule 23(a) and (b)(3) of the Federal
Rules of Civil Procedure.

15.   Plaintiffs bring this Class action on behalf of
all persons employed by defendants on an hourly pay basis who
worked in one or more of the following job titles:   Nurse
Supervisor, Registered Nurse, Licensed Practical Nurse and
Certified Nursing Assistant.   Relief is sought on behalf of the
class members for (a) unpaid overtime premium pay for all hours

4

worked in excess of 40 per workweek; and/or (b) pay for all hours worked for which no wages were paid. Relief is sought for all wages owed after March 1, 1997 to the present (the "class period").

16. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are believed to be at least 500 members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the Class. The representative parties will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court.

17. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

> (a)   whether defendants failed and/or refused to compensate plaintiffs for all hours worked within the meaning of the NYLL; and

5

(b)   whether defendants failed and/or refused to pay
plaintiffs premium pay for hours worked in excess
of 40 per workweek within the meaning of the NYLL.

## FACTS

18.   Plaintiffs were paid on an hourly basis.

19.   Plaintiffs and their similarly situated co-workers
were not compensated for all hours worked.

20.   Plaintiffs and their similarly situated co-workers
regularly worked in excess of 40 hours in the workweek.  However,
plaintiffs and their co-workers were not paid overtime premium
pay for all work hours in excess of 40 hours in the workweek.

21.   Plaintiffs were not compensated and/or paid
premium pay for work time improperly designated as non-
compensable meal periods, as well as all time worked prior to and
after scheduled shifts.

22.   Defendants maintained a practice of altering or
ignoring time cards in an effort to reduce overtime premium pay.

## AS AND FOR A FIRST CAUSE OF ACTION

23.   Plaintiffs repeat and reallege each and every
allegation made in paragraphs 1 through 22 of this Complaint.

24.   Although plaintiffs and their similarly situated
co-workers worked over 40 hours in a workweek, they were not paid
overtime premium pay for all the hours worked in excess of 40
hours in a workweek.

6

25.  Plaintiffs and their similarly situated co-workers employed by defendants who may elect to opt into this action are entitled to one and one-half of their regular rates of pay for all hours worked in excess of 40 hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C.§§ 201 *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION

26.  Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 25 of this Complaint.

27.  The failure of defendants to properly compensate plaintiffs and their similarly situated co-workers for overtime work as required by the Fair Labor Standards Act was wilful.

## AS AND FOR A THIRD CAUSE OF ACTION

28.  Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 27 of this Complaint.

29.  Plaintiffs and their similarly situated co-workers have not been paid overtime premium pay for all compensable work hours worked in excess of 40 hours in a workweek under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*

7

## AS AND FOR A FOURTH CAUSE OF ACTION

30.   Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 29 of this Complaint.

31.   Plaintiffs and their similarly situated co-workers have not been compensated for all work hours under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and the Class respectfully request that this Court grant the following relief:

A.   Certify this case as a class action pursuant to Fed.R.Civ.Proc. 23(b)(3);

B.   Declare defendants' conduct complained of herein to be in violation of the plaintiffs and Class' rights as secured by the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.*;

C.   Direct defendants to compensate the plaintiffs for all hours worked;

D.   Direct defendants to pay overtime premium pay to plaintiffs;

8

E.   Direct defendants to pay plaintiffs additional amounts as liquidated damages because of defendants' failure to pay overtime pay pursuant to 29 U.S.C. § 216;

F.   Award plaintiffs pre-judgment interest;

G.   Award plaintiffs the costs of this action together with reasonable attorneys' fees;

H.   Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Jericho, New York
        February 20, 2003

Respectfully submitted,

By:_____
    Robert D. Lipman (RL 3564)
    David A. Robins (DR 5558)
    Lipman & Plesur, LLP
    The Jericho Atrium
    500 N. Broadway
    Suite 105
    Jericho, NY 11753-2131
    516-931-0050

9

CV 03 0887

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 24 2003 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
THERESA L. VARLEY and JUDY ALTMAN, :
Individually, On Behalf of All        :
Others Similarly Situated and as      :
Class Representatives                  :
                                       :
                    Plaintiffs,        :
                                       :
          -against-                    :
                                       :
THE McGUIRE GROUP and                  :
FRANCIS J. McGUIRE,                    :
                                       :
                    Defendants.        :
- - - - - - - - - - - - - - - - - - -X

SPATT, J.

LINDSAY, M.

## CONSENT TO BECOME PARTY PLAINTIFF

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.  I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

Judith ALTMAN
16 Fox Lane Commack NY 11725
(Print name and address)

631- 858-9486
(Phone)

Judith Altman
(Signature)

2-14-03
(Date)

If you want to JOIN this lawsuit, complete and submit this form
to:

Robert D. Lipman, Esq.
David A. Robins, Esq.
LIPMAN & PLESUR, LLP
The Jericho Atrium
Suite 105
500 North Broadway
Jericho, NY, 11753
516-931-0050

**CV 03 0887**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
THERESA L. VARLEY and JUDY ALTMAN,    :
Individually, On Behalf of All         :
Others Similarly Situated and as       :
Class Representatives                   :
                                        :
                          Plaintiffs,  :
                                        :
          -against-                    :
                                        :
THE McGUIRE GROUP and                  :
FRANCIS J. McGUIRE,                    :
                                        :
                          Defendants.  :
- - - - - - - - - - - - - - - - - - - -X

RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ FEB 2 4 2003 ★

ENTERED

★————★

SPATT, J.

LINDSAY, M.

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.   I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

*Theresa L Varley  772 Pulaski Rd*
(Print name and address) *Greenlawn. NY. 11740*

*631-754-8707*
(Phone)

*Theresa Varley*
(Signature)

*Feb. 14, 2003*
(Date)

If you want to JOIN this lawsuit, complete and submit this form
to:

                Robert D. Lipman, Esq.
                David A. Robins, Esq.
                LIPMAN & PLESUR, LLP
                The Jericho Atrium
                Suite 105
                500 North Broadway
                Jericho, NY  11753
                516-931-0050

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ FEB 2 4 2003 ★

ENTERED

★━━━━━━★

- - - - - - - - - - - - - - - - - - -X
THERESA L. VARLEY and JUDY ALTMAN, :
Individually, On Behalf of All
Others Similarly Situated and as :
Class Representatives
                                    :
                    Plaintiffs,     :
                                    :
        -against-                   :
                                    :
                                    :
THE McGUIRE GROUP and               :
FRANCIS J. McGUIRE,                 :
                                    :
                    Defendants.     :
- - - - - - - - - - - - - - - - - - -X

SPATT, J.

LINDSAY, M.

### CONSENT TO BECOME PARTY PLAINTIFF

The undersigned does wish to opt into the above-referenced action
to attempt to prove liability and recover additional damages, if
any, under the Fair Labor Standards Act.  I hereby authorize the
filing and prosecution of a Fair Labor Standards Act action in my
name and on my behalf by the above representative Plaintiffs and
designate the class representatives as my agents to make
decisions on my behalf concerning the litigation, the entering
into an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.

_Theresa L Varley  792 Pulaski Rd_
(Print name and address) _Greenlawn, N.Y. 11740_

_(631) 754-8707_
(Phone)

_Theresa L Varley_
(Signature)

_Feb. 14, 2003_
(Date)

If you want to JOIN this lawsuit, complete and submit this form
to:

Robert D. Lipman, Esq.
David A. Robins, Esq.
LIPMAN & PLESUR, LLP
The Jericho Atrium
Suite 105
500 North Broadway
Jericho, NY  11753
516-931-0050

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

*SPATT 887*

*CV 03 0887*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

I. (a) PLAINTIFFS

THERESA VARLEY and JUDY ALTMAN, Individually, On Behalf of All Others Similarly Situated and as Class Representatives

DEFENDANTS

The McGuire Group, Inc. and Francis J. McGuire

*SPATT, J.*
*LINDSAY, M.*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

*FILED*
*IN CLERK'S OFFICE*
*U.S. DISTRICT COURT E.D.N.Y*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Erie
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lipman & Plesur, LLP
500 North Broadway, Suite 105
Jericho, NY  11753

★ *FEB 2 4 2003* ★

*LONG ISLAND OFFICE*

ATTORNEYS (IF KNOWN)

II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

VI. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commercial/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selected Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW(405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

FLSA 29 U.S.C. § 216.  Failure to pay overtime premium pay.

VII. REQUESTED IN COMPLAINT:   ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

VIII. RELATED CASE(S) IF ANY   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   2/20/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# ARBITRATION CERTIFICATION

I, __Robert D. Lipman_____, counsel for _plaintiffs_____
_____ do hereby certify pursuant to the Local Civil Rule 83. 10, at (d) (3), that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.

_____ Relief other than monetary damages is sought.

## DISCLOSURE OF INTERESTED PARTIES - LOCAL CIVIL RULE 1. 9

Identify any corporate parents, subsidiaries or affiliates of named corporate parties:

_____

_____

_____

Did the cause arise in Nassau or Suffolk County?   _Yes_____

If you answered yes, please indicate which county.  _Suffolk_____

| County of residence of plaintiff(s) | (1) | Suffolk |
| | (2) | Suffolk |
| | (3) | |
| County of residence of defendant(s) | (1) | Erie |
| | (2) | Erie |
| | (3) | |

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

**Yes ☒**                                      **No ☐**

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes ☐        **(If yes, please explain)**              No ☒

_____

_____

Please provide your E-MAIL Address and bar code below. Your bar code consist of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.

**(This information must be provided pursuant to local rule 11.1(b) of the local civil rules)**
**Attorney Bar Code:**  _RL 3564_____

**E-Mail Address:**  _lipman@lipmanplesur.com_____