## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **THERESA VARLEY and JUDY ALTMAN,** **Individually, On Behalf of All Others Similarly Situated and as Class Representatives,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No.: 04-CV-0075** |
| **v.** | ) ) | |
| **THE MCGUIRE GROUP, INC. and FRANCIS J. MCGUIRE,** | ) ) ) | |
| **Defendants.** | | |

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Class Action Settlement Agreement and Release of All Claims (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals that they represent (as hereinafter defined), on the one hand, and Defendants (as hereinafter defined).

#### RECITALS

WHEREAS, Plaintiffs Varley and Altman filed their initial Class Action Complaint on February 24, 2003, in which they asserted claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Wage and Hour Law for the alleged failure to pay certain wage and overtime amounts, on their own behalf and on behalf of employees of The McGuire Group, Inc. holding the positions of full-time Certified Rehabilitative Aides, or full-time hourly Registered Nurses and Licensed Practical Nurses, or similar positions, who worked at any of Defendants' locations, from February 24, 1997 through April 30, 2003 (the "Class Period").

WHEREAS, the purpose of this Agreement is to settle fully and finally all obligations and/or differences between Plaintiffs, on behalf of themselves and the Class, against Defendants asserted in *Theresa Varley and Judy Altman, Individually, On Behalf of All Others Similarly Situated and as Class Representatives v. The McGuire Group, Inc. and Francis J. McGuire,* Case No. CV-04-0075 (W.D.N.Y.) (the "Litigation"), including, without limitation, claims arising during or relating to the Recovery Period (February 24, 1997 through April 30, 2003 ) based on the alleged failure to pay wages, including overtime, under federal or state law.

WHEREAS, Defendants denied and continue to deny all of the allegations made by Plaintiffs in the Litigation and have denied and continue to deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever and without admitting that pay and/or overtime amounts were improperly withheld from any employees, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation.

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiffs and the Class, and has engaged in extensive discovery and together with defendants have engaged a neutral, third party mediator who recommended a mediators proposal.  Based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.      **DEFINITIONS**

The defined terms set forth below shall have the meanings ascribed to them below.

1.1     **Class; Class Member**.  "Class" shall mean the class of persons employed by Defendants at any time between February 24, 1997 and April 30, 2003 as full-time Certified Rehabilitative Aides ("CRAs"), or full-time, hourly Registered Nurses ("RNs") or Licensed Practical Nurses ("LPNs"), or similar positions, who worked at any of Defendants' locations, and who does not opt-out as provided herein.  A member of the Class, including any and all representatives, heirs, administrators, executors and beneficiaries, is a "Class Member".  A list of all Class Members is a confidential document that the parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the Court.

1.2     **Class Counsel**.  "Class Counsel" shall mean Robert D. Lipman, Esq. and David A. Robins, Esq. of Lipman and Plesur, LLP, 500 N. Broadway, Suite 105, Jericho, NY 11753-2131 and Allan R. Lipman, Esq. of Lipman & Biltekoff, LLP, 33 International Drive, Suite B4, Buffalo, NY 14221-5726.

1.3     **Class Fund**.  "Class Fund" shall mean the Settlement Amount less:  (A) the amounts awarded by the Court as and for all fees and costs, including without limitation attorneys fees and costs, expert fees and costs and (B) any incentive awards or enhancements to Plaintiffs payable pursuant to Section 2.3.

1.4     **Defendants**.  "Defendants" shall mean The McGuire Group, Inc. and Francis J. McGuire.

1.5     **Defendants Counsel**.  "Defendants Counsel" shall mean Marc S. Wenger, Esq. and Jeff Brecher, Esq., of Jackson Lewis, LLP, 58 South Service Road, Suite 410, Melville, New York 11747 and Jill L. Yonkers, Esq. of Hodgson Russ, LLP, 1 M & T Plaza, Buffalo, New York 14203.

1.6     **Fairness Hearing**.  "Fairness Hearing" shall mean the hearing on the joint application for Judgment and Final Approval.

- 2 -

1.7     **Final Approval**.  "Final Approval" shall mean the occurrence of all of the following:

(A)     the Court has entered Judgment; and

(B)     the Judgment has become Final.  "Final" means the later of:

(1)     The time for seeking rehearing or reconsideration and/or appellate review has expired; or

(2)     If rehearing, reconsideration or appellate review is sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, or thirty days has expired and the Judgment has not been modified, amended or reversed in any way.

1.8     **Individual Settlement Benefit**.  Each Class Members Individual Settlement Benefit is listed on a confidential document that the parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the court. The amounts are based on annual wage rates and weeks worked.

1.9     **Order Granting Preliminary Approval**.  "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Class, the time period for objections and the date for the Fairness Hearing.  A copy of the proposed Order Granting Preliminary Approval is attached hereto as Exhibit A.

1.10    **Parties**.  "Parties" shall mean and refer to Plaintiffs, the Class, and Defendants.

1.11    **Payment Date**.  "Payment Date" shall mean, with respect to any amount payable under this Agreement, the date on which such payment is made.

1.12    **Plaintiffs**.  "Plaintiffs"shall mean and include, Theresa Varley and Judy Altman, and those individuals who have filed with the Court a "Consent to Become Party Plaintiff" indicating their desire to opt into the Lawsuit, which consent has not been withdrawn or dismissed as of  the date of the Fairness Hearing, and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns of such individuals, as applicable and without limitation.

1.13    **Preliminary Approval**.  "Preliminary Approval" shall mean that the Court has entered an Order Granting Preliminary Approval.

1.14    **Qualified Class Member**.  "Qualified Class Member" shall mean any Class Member who has completed a Verification Form and returned the Verification Form in the manner and time period set forth in the Verification Form.

1.15    **Qualified Class Member Settlement Payment Distribution Date**.  "Qualified Class Member Settlement Payment Distribution Date" shall mean the date that follows by thirty days the date of Final Approval or if the Verification Form was not received by the

Settlement Administrator prior to the date of Final Approval,  thirty days after receipt by the  Settlement Administrator of the Qualified Class Member's Verification Form.

1.16    **Recovery Period**.  "Recovery Period" shall mean the period from February 24, 1997 through April 30, 2003.

1.17    **Settlement Amount**.  "Settlement Amount" shall mean the sum of:  (1) $752,282.30; and (2) the Incentive Awards payable pursuant to Section 2.3(A) and (B) and includes all pre-judgment interest.  The total Settlement Amount is $784,282.30.

1.18    **Unclaimed Funds**.  "Unclaimed Funds" shall mean any part of the Settlement Amount remaining after all disbursements for Class Counsel's fees and costs, incentive awards or enhancements to Plaintiffs, and payments to Qualified Class Members have been made in accordance with the terms of this Agreement.

1.19    **Verification Form**.  "Verification Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement attached hereto, that Class Members must sign and return in the manner and time period set forth therein to be eligible for a distribution from the Class Fund.

2.      **SETTLEMENT PAYMENTS**

2.1     **Settlement Payments to Qualified Class Members**.

(A)     Each Qualified Class Member will receive, subject to the terms and conditions of this Agreement, the Individual Settlement Benefit.

(B)     The Individual Settlement Benefit payments to Qualified Class Members are made solely for the purpose of settling the Litigation to avoid the burden, expense, and uncertainty of continuing the Litigation.

(C)     Except as otherwise provided herein and subject to the timely submission of any Verification Form by the Class Member, Defendant The McGuire Group, Inc. ("McGuire Group" or "Defendant"), which  will make  payments under this Agreement, shall make the payments required under this Section 2.1 by the Qualified Class Member Settlement Payment Distribution Date.  Nothing in this Agreement shall preclude or prevent Defendant from making any payment required under Section 2.1 earlier than the Qualified Class Member Settlement Payment Distribution Date, provided, however, that no such payment shall be made before the date of Final Approval.  In any case in which (i) a Qualified Class Member is deceased, (ii) there is a dispute as to the correct amount to which the Qualified Class Member is entitled pursuant to this Agreement, (iii) the Qualified Class Members mailing address, as it appears in Defendant's records, is inaccurate, or (iv) Defendant has not received a timely Verification Form from a Class Member sufficient to permit Defendant to make the payment provided for herein and contemplated hereby, Defendant shall not be in default of its obligations under this Section so long as it has made reasonable efforts to make such payment within such time period

- 4 -

(D)     Each Qualified Class Member to whom any payment is to be made under this Agreement (or any person to whom a payment in respect of such Qualified Class Member is to be made) shall execute, in connection with such payment, an individual release of claims arising during or relating to the Recovery Period based on the alleged failure to pay compensation under federal or state law.

(E)     In the event that a Class Member fails to submit the requisite Verification Form within the time period set forth in the Verification Form, the Class Member shall forfeit any right to payment from the Class Fund.

(F)     In the event that there is a remaining balance in the Class Fund after all Qualified Class Members who timely applied are paid, any such Unclaimed Funds shall revert to Defendant; provided, however, that $20,000 shall be redistributed to Plaintiffs as Class Counsel shall direct.

(G)     Defendants will utilize the services of a mutually agreed upon third-party vendor to facilitate administrative matters and distributions to Qualified Class Members (the "Settlement Administrator"), in accordance with the terms and conditions of this Agreement.  The costs of any such vendor shall be paid for by Defendant in addition to the Settlement Amount.

(H)     If Settlement Payments are not paid as provided for herein to one or more Qualified Class Member, the underlying action will be revived with respect to such Qualified Class Member(s) and such Qualified Class Members' releases will be void and such Qualified Class Members will be permitted to prosecute this case as if this matter was not settled and this Agreement will have no effect on them.

2.2     **Attorneys' Fees and Costs**.  Class Counsel hereby petitions the Court for an award of attorneys' fees and costs in the amount of $400,000, with $200,000 of such attorneys' fees and costs to be payable from the Settlement Amount and an additional amount of $200,000 to be paid by Defendant to Class Counsel in addition to the Settlement Amount. Defendants agree not to oppose said petition for attorneys' fees and costs consistent with this Agreement.

2.3     **Settlement Amounts Payable as Incentive Awards to Plaintiffs**.  At the Fairness Hearing, Class Counsel shall petition the Court for incentive awards from the Settlement Amount to be calculated and distributed between and among the Plaintiffs as indicated below.

(A)     For each of the Plaintiffs identified on Exhibit B, payment of $500.00.

(B)     For Plaintiffs Varley and Altman, an incentive award in the amount of $2,500.00 each.

2.4     **Taxes**.  Defendants, through the Settlement Administrator, shall report the incentive awards described in Sections 2.1 and 2.3, to the appropriate taxing authorities under Plaintiffs' names and social security numbers, and shall report the attorneys' fees and

- 5 -

costs described and awarded in Section 2.2 under the attorneys' names and identification numbers.

**3.**     APPROVAL AND CLASS NOTICE

**3.1**    **Preliminary Approval by the Court.**

On or before August 12, 2005, Plaintiffs and Defendants will submit this Agreement to the Court, together with a proposed notice (the "Class Notice").

**3.2**    **Class Notice**.  Upon entry of an Order Granting Preliminary Approval, the Settlement Administrator shall notify Class Members of their right to file a verification form to obtain a monetary distribution and their right to opt-out of the Class and/or to object to this Agreement, by mailing a copy of the Notice, in the form approved by the Court, to the last known address of each Class Member, as it appears in Defendant's records.  A copy of the Notice is attached hereto as Exhibit B.  Notice may be sent by first class mail, and costs of sending the Notice shall be paid by Defendant as referenced in Section 2.1(G).  The Settlement Administrator shall use reasonable efforts to find and verify addresses and to complete the mailing of the Notice as soon as reasonably practicable, and in no event later than thirty (30) days after the date of entry of the Order Granting Preliminary Approval.  Notices returned as undeliverable shall be forwarded to any forwarding address provided by the U.S. Postal Service.  If no such forwarding address is provided, the Settlement Administrator shall utilize the services of a third-party vendor, such as LexisNexis, to attempt to obtain the most recent addresses for these Notices by searching using at least the employee's name, social security number and last known address.  The costs of such a vendor shall also be paid by Defendant as referenced in Section 2.1(G).  Any class member who cannot be located through such means and therefore fails to return the Verification Form shall have no entitlement to any portion of the Settlement Amount but shall be bound by any Judgment entered pursuant to this Agreement.

**3.3**    **Class Member Opt Out**.  The deadline for Class Members to opt out of the Class will be set at thirty (30) days before the Fairness Hearing.  In the event that 75 or more Class Members elect to opt out of the settlement, Defendants shall have the right, in their sole discretion, to void this Agreement, which will have no further effect upon the filing with the Court of a Notice of Withdrawal from settlement by Defendants Counsel.  In no event shall Defendants file such a Notice of Withdrawal after the Fairness Hearing.  If Defendants file such a Notice of Withdrawal, the case will proceed as if no settlement has been attempted.  In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action.

**3.4**    **Motion for Judgment and Final Approval**.  Plaintiffs and Defendants will submit a joint application for Judgment and Final Approval.

3.5     **Objections to Settlement.**

(A)     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the settlement contemplated hereby must file with the Clerk of the Court and serve all counsel, no later than thirty (30) days before the Fairness Hearing, a statement of the objection setting forth the specific reason(s), if any, for the objection, including any legal support that the Class Member wishes to bring to the Court's attention and any evidence that the Class Member wishes to introduce in support of the objection.  Class Members may so act either on their own or through any attorney hired at their own expense.  The Class Member, or attorney acting on his or her behalf, also must:

(i)     File a notice of appearance with the Clerk of Court no later than thirty (30) days prior to the Fairness Hearing or as the Court may otherwise direct, and

(ii)    Serve a copy of such notice of appearance on all counsel for the Parties.

(B)     Any Class Member who files and serves a written objection in accordance with Section 3.5(A) may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of this Agreement or the settlement contemplated hereby.  A Class Member who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing.

(C)     Any Class Member (or attorney) who fails to comply with the provisions of this Section 3.5, and who has not opted out of the Class as provided in Section 3.3, waives and forfeits any and all rights the Class Member may have to appear separately and/or to object and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

3.6     **Entry of Judgment**.  At the Fairness Hearing, the Parties will request that the Court, among other things,  (a) enter Judgment in accordance with this Agreement, (b) approve the settlement and Agreement as final, fair, reasonable, adequate and binding on all Class Members who have not timely opted out pursuant to Section 3.3, (c) approve the payment of reasonable attorneys fees and costs for Class Counsel pursuant to Section 2.2, (d) approve the incentive awards proposed for the Plaintiffs pursuant to Section 2.3, and (e) approve payment of the Settlement Amount in full satisfaction of any and all claims by Plaintiffs and the Class Members for wages or overtime compensation against Defendants for work performed during the Recovery Period..

3.7     **Effect of Failure to Grant Final Approval**.  In the event the Court does not enter Judgment in accordance with this Agreement (except for a modification of incentive awards in Section 2.3), or the settlement does not receive Final Approval as defined herein, the Parties shall proceed as follows:

(a)     The Litigation will resume unless:  (1) the Parties jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment; (2) the Parties jointly agree to attempt to renegotiate the

NYI-2178306v11

settlement and seek Court approval of the renegotiated settlement; or (3) in the event of a modification of the attorneys' fees figure set out in Section 2.2, Class Counsel seeks reconsideration or appellate review of that decision.

(b) In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(c) If the settlement is not approved, the case will proceed as if no settlement has been attempted.  In that event, Defendants retain the right to contest whether this case should be maintained as a class or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action.

## 4. ADMINISTRATION

**4.1 Responsibility for Inquiries of Class Members**.  Defendants will refer to the Settlement Administrator any inquiries from Class Members concerning this Agreement and the settlement, including questions from any Class Member concerning that Class Member's settlement payment; however, Defendants expressly reserve the right to respond to inquiries from Class Members to the extent necessary for the reasonable and orderly functioning of Defendants business.  Class Counsel may respond to any and all inquiries concerning the reasonableness of the settlement and/or Class Counsels attorneys fees, disbursements, costs, and incentive awards.

**4.2 Notices**.  Copies of any and all notices, documents or filings required under this Agreement shall be filed and served in accordance with the electronic filing procedures of the United States District Court for the Western District of New York, and also served by registered United States mail, on the Parties as follows:

> Robert D. Lipman, Esq.
> David A. Robins, Esq.
> Lipman & Plesur, LLP
> 500 North Broadway,
> Suite 105
> Jericho, NY  11753-2131

> Marc S. Wenger, Esq.
> Jeff Brecher, Esq.
> Jackson Lewis, LLP
> 58 South Service Road
> Suite 410
> Melville, New York 11747

- 8 -

5.      **RELEASE**

5.1     **Plaintiffs' and Class Members' Releases.**

Plaintiffs, on behalf of the Class and each individual member of the Class, agree that they hereby irrevocably and unconditionally release, acquit and forever discharge any claims that they had, have or may have, and they will not commence, prosecute or participate in, either as a group or individually, any action on behalf of themselves or any other person, asserting claims, against Defendants, including without limitation any owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefit plans, fiduciaries and/or administrators ("Releasees"), arising during or relating to the Recovery Period, for failure to pay wages or overtime compensation under federal or state law that were or could have been asserted in the Litigation.

5.2     **Release of Fees and Costs for Settled Matters**.  Class Counsel and Plaintiffs on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge, any claim that they may have against the Releasees for attorneys fees or costs associated with Class Counsels representation of Plaintiffs and the Class.  Class Counsel further understands and agrees that any fee payments made under this Agreement will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsels representation of these individuals.

5.3     **No Assignment**.  Class Counsel and Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.4     **Non-Admission of Liability**.  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied.  Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute.

6.      **MISCELLANEOUS**

6.1     **Cooperation Between the Parties; Further Acts**.  The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Courts approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

6.2     **Entire Agreement**.  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

6.3     **Binding Effect**.  This Agreement shall be binding upon and inure to the benefit of the Parties and (A) with respect to Plaintiffs and the Class Members, their representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns, and (B) with respect to Defendants, the Releasees.

6.4     **No Third-Party Beneficiaries**.  This Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

6.5     **Arms Length Transaction; Materiality of Terms**.  The Parties have negotiated all the terms and conditions of this Agreement at arms length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

6.6     **Captions**.  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.7     **Construction**.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

6.8     **Governing Law**.  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such Federal law shall govern.

6.9     **Continuing Jurisdiction**.  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

6.10    **Waivers, etc. to Be in Writing**.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Courts approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.11    **When Agreement Becomes Effective; Counterparts**.  This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

**6.12    Facsimile Signatures**.  Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile to counsel for the other party.  Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile.

AGREED TO ON BEHALF OF
DEFENDANTS THE MCGUIRE GROUP and
FRANCIS J. MCGUIRE

_____/s/_____

NAME  Francis J. McGuire
Dated:   August 12, 2005

AGREED TO ON BEHALF OF THE
PLAINTIFFS, THE CLASS MEMBERS, AND
CLASS COUNSEL

_____/s/_____ _____

Theresa Varley
Dated: August 12, 2005

_____/s/_____

Judy Altman
Dated: August 12, 2005

**<u>EXHIBIT A</u>**

**[ORDER PRELIMINARILY APPROVING SETTLEMENT]**

NYI-2178306v11

**<u>EXHIBIT B</u>**


**[NOTICE OF PROPOSED SETTLEMENT]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THERESA VARLEY and JUDY ALTMAN,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Case No.: 04-CV-0075** |
| | ) |
| **THE MCGUIRE GROUP, INC. and FRANCIS J. MCGUIRE,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

<u>**NOTICE OF PROPOSED SETTLEMENT**</u>

TO:     All current or former employees of The McGuire Group, Inc. who were employed at any time between February 24, 1997 and April 30, 2003 as full-time Certified Rehabilitative Aides ("CRAs") or full-time, hourly Registered Nurses ("RNs") or Licensed Practical Nurses ("LPNs"), or in similar positions, at any of Defendants' locations.

**Verification Form Deadline to accept money**: To submit a completed Verification Form, attached hereto, it must be postmarked on or before January 31, 2006.

**Objection Deadline**: Any objection must be filed so as to be received no later than ( date 30 days before Fairness Hearing)_____.

**1.      Purpose of this Notice.**

If you are or were employed by The McGuire Group, Inc. as a full-time CRA or full-time hourly RN or LPN, or in a similar position, at The McGuire Group at any time from February 24, 1997 to April 30, 2003 (the "Recovery Period"), please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

This Notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

**2.      Description of the Lawsuit.**

In February 2003, Theresa Varley and Judy Altman (the "Named Plaintiffs"), brought this lawsuit ("the lawsuit") against The McGuire Group, Inc. and Francis J. McGuire (the "Defendants") on behalf of themselves and all other past and present individuals who worked as full-time Registered Nurses and Licensed Practical Nurses paid on an hourly basis, or as full-

time Certified Rehabilitative Aides (and employees in similar titles).  Specifically, the Plaintiffs alleged that they were owed overtime pay at the rate of one and one-half times their regular wage rate under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for work in excess of forty (40) hours per workweek.  Plaintiffs also claimed, under the NYLL, entitlement to back pay for time worked.  Plaintiffs have alleged that wages are owed for time actually worked without pay before and after shifts and for work during thirty minute meal periods.  The Named Plaintiffs, for themselves, and for all others similarly situated, also sought liquidated damages under the FLSA, together with prejudgment interest and attorneys' fees and costs.  Thereafter, certain individuals each filed with the Court a "Consent to Become A Party Plaintiff," thereby indicating their desire to "opt in" to the lawsuit. (These individuals, collectively with the Named Plaintiffs, are hereinafter referred to as "Plaintiffs.")

Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit.  To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, however, and without admitting that wage and overtime amounts were improperly withheld from any employees, Defendants have concluded that it is in their best interests to resolve and settle the Lawsuit by entering into a settlement agreement (the "Agreement").  The McGuire Group, Inc. has supplied Class Counsel and the Settlement Administrator with your name, address, number of weeks worked and rate of pay and has agreed to pay you money because the Company wants to settle this case.

The Lawsuit is presently before Judge Skretny, United States District Court, Western District of New York.  Judge Skretny has not made any decision on the merits.  However, on ___ _____, the Court granted preliminary approval of the settlement, subject to a fairness hearing which will take place on _____.

## 3.       Class Definitions

This settlement is for the benefit of the settlement class.  The class is defined as persons employed at any time between February 24, 1997 and April 30, 2003 as full-time Certified Rehabilitative Aides ("CRAs") or full-time, hourly Registered Nurses ("RNs") or Licensed Practical Nurses ("LPNs"), or in similar positions, at any McGuire Group location.

## 4.       Class Counsel

Robert D. Lipman, Esq.
David A. Robins, Esq.
Lipman & Plesur LLP
500 North Broadway, Suite 105
Jericho, NY  11753
Telephone:  516-931-0050
Facsimile:   516-931-0030

## 5.       The Proposed Settlement

This settlement was reached in June 2005, and resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendants' counsel, all of whom have

substantial experience in litigating class actions involving similar claims.  This Lawsuit has been vigorously contested from its inception, the parties have engaged in discovery and mediation with a neutral third party mediator, and only after several informal and formal negotiating sessions, meetings, and conferences among counsel for the parties, were the parties able to resolve all the issues and agree upon the settlement, subject to the approval of the Court.

Plaintiffs and Defendants have agreed to the settlement summarized below.  The complete terms and conditions of the proposed settlement are on file with the Clerk of Court at the address listed below in Section 8.  The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

  a.    *Relief to the Class*

Qualified class members will be eligible to receive a specified share of the Settlement Amount of $784,282.30, less any amounts paid for fees and costs, including without limitation attorneys' fees and costs, and any incentive awards or enhancements to the Named Plaintiffs and those Plaintiffs who opted in to the lawsuit by filing a Consent to Be A Party Plaintiff with the Court.  **Please call 800-_____ to learn the amount that you will receive if you send in the Verification Form.**  Otherwise, please just send in the Verification Form if you want to receive a check.

All distributions from the Settlement Amount to qualified class members may be subject to tax withholding and/or reporting.  To the extent possible, payments shall be paid in accordance with normal payroll practices and procedures, and shall reflect all applicable withholdings, including federal income tax withholding, and previously authorized deductions.

  b.    *Attorneys' Fees and Costs*

At the fairness hearing, Class Counsel will ask the Court for an attorneys' fees and costs award of $400,000.00. One-half of this amount will be taken from the Settlement Amount. Defendants have agreed not to object to this award.

  c.    *Legal Effect of Judgment*

If you remain a class member, this settlement, when approved and entered as a final judgment by the Court, will bind you, your representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns.  The payments described above shall be in lieu of and discharge any obligations of Defendants arising during or relating to the Recovery Period, for unpaid wages, attorneys' fees, costs, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of the class.  The class members will not be permitted to commence, prosecute or participate in , either as a group or individually, any action on behalf of themselves or any other person asserting claims against Defendants for overtime compensation arising during or relating to the Recovery Period under federal or state law that were or could have been asserted in the Lawsuit.

### d.     If Court Does Not Approve the Proposed Settlement

If the settlement is not approved, the case will proceed as if no settlement has been attempted.  In that event, the Defendants retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiffs in this action.  There can be no assurance that if the settlement is not approved the class will recover more than is provided for in the settlement, or indeed, anything.

## 6.     Fairness Hearing

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable; that the proposed distribution of the settlement amount is fair, adequate, and reasonable; and that the proposed incentive awards to the Named Plaintiffs are fair and reasonable.

A hearing will be held to determine whether final approval of the settlement should be granted.  At the hearing, the Court will hear objections and arguments concerning the fairness of the proposed settlement.  The hearing will take place before Judge Skretny on _____ at _____, at the United States District Court, 304 U.S. Courthouse, 68 Court Street, Buffalo, New York, 14202.  **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.**

## 7.     Participation in the Settlement - Your Options as a Class Member

### a.     *If you wish to receive a distribution from the class fund, you must submit the attached Verification Form.*

If you wish to participate in the class and receive a distribution from the class fund, you must complete the attached Class Member Verification Form.  The Class Member Verification Form must be signed and returned in the manner set forth on the Class Member Verification Form to receive a distribution from the settlement amount in the event the settlement is approved by the Court.

You will be represented by Class Counsel and you may remain in the class and participate in the settlement, if it is approved by the Court.  In that event, you will share in the benefits of the settlement and any claims you may have against Defendants will be released.

### b.     *You have the right to exclude yourself, and only yourself, from both the class action and the settlement.*

If you wish to exclude yourself from the class action and the settlement, you must submit the attached request for exclusion, called an "Opt Out Form" to Class Counsel at the address below, with a copy to Defendants' counsel at the address below.  The Opt Out Form must be sent by registered mail, postmarked no later than _____, and must include your full name, your address, and the case number (*Theresa Varley and Judy Altman et al. v. The McGuire Group, Inc. and Francis J. McGuire,* Case No. CV-04-0075 (W.D.N.Y.).  You must personally sign the Opt Out Form.

If you do not follow these instructions for excluding yourself from the class, you will be bound by the Court's final judgment, which will determine all of your legal rights in connection with the subject matter of this lawsuit, if the settlement is approved.

| <u>Class Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|
| Robert D. Lipman, Esq. | Marc S. Wenger, Esq. |
| David A. Robins, Esq. | Jeffrey W. Brecher, Esq. |
| Lipman & Plesur LLP | Jackson Lewis LLP |
| 500 North Broadway, | 58 South Service Road, Suite 410 |
| Suite 105 | Melville, NY  11747 |
| Jericho, NY  11753 | Telephone: (631) 247-0404 |
| Telephone: (516) 931-0050 | Facsimile: (631) 247-0417 |
| Facsimile: (516) 931-0030 | |

c.      *If you object to the settlement, but do not want to exclude yourself from the class action, you may submit an objection to the settlement.*

If you object to the fairness, reasonableness, and adequacy of the proposed settlement, you may appear in person or by your own attorney, hired at your own expense, at the fairness hearing and present any evidence or argument that may be proper and relevant.  However, you will not be heard at the fairness hearing unless you timely file:  (1) an appearance; (2) a written statement of the objections to the settlement; and (3) the grounds for the objections, along with any papers, briefs, pleadings or other documents for the Court's consideration, with the Clerk of Court, United States District Court, 304 U.S. Courthouse, 68 Court Street, Buffalo, New York 14202.  If you object to the settlement, the foregoing items must be <u>received</u> by the Clerk of Court on or before ___(30 days before Fairness Hearing)_____.  You must also serve copies of the notice and objection by registered mail on each of the attorneys for the Plaintiffs and for the Defendants by the same date, at the addresses listed above.  Any objection filed with the Court must include, at a minimum, your name, address, the case number (*Theresa Varley and Judy Altman et al. v. The McGuire Group, Inc. and Francis J. McGuire,* Case No. CV-04-0075 (W.D.N.Y.), and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class.  Please note that it is not sufficient to state simply that you object to the settlement.  You must state reasons why the Court should not approve the settlement.  If you wish, you may hire your own attorney, at your own expense, to represent your interests in connection with the proposed settlement.  If you wish to participate through your own attorney, an appearance must be filed with the Court no later than (30 days before the Fairness Hearing) _____.

## 8.      Right to Examine Court Records

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far.  In order to see the complete file, including a copy of the settlement agreement, you should visit the Clerk of Court, United States District Court, 304 U.S. Courthouse, 68 Court Street, Buffalo, New York 14202.  The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your own expense.

**9.      Inquiries**

Any questions you or your attorney have concerning this Notice should be directed to the Settlement Administrator at _____, or in writing to Robert D. Lipman, Esq. or David A. Robins, Esq. at the address listed above.  Please include the case name and number, your name, and your return address.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL AT THE ADDRESS LISTED ABOVE, OR COUNSEL OF YOUR OWN CHOOSING AND AT YOUR OWN EXPENSE.  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF COURT.**  THE MCGUIRE GROUP EMPHASIZES THAT THERE WILL BE NO RETALIATION AGAINST ANY CLASS MEMBER FOR REMAINING IN THE CLASS AND SIGNING THE VERIFICATION FORM.  **The class member verification form will be sent to an independent company administering the settlement; it will not be shared with your manager or anyone working in your facility.**

**Dated:**
**This Notice is sent to you by Order of the United States District Court for the Western District of New York.**

**UNITED STATES DISTRICT COURT WESTERN  DISTRICT OF NEW YORK**

**THERESA VARLEY and JUDY ALTMAN,**
**Individually, On Behalf of All Others**
**Similarly Situated AND As Class**
**Representatives,**

|  |  |
|---|---|
| **Plaintiffs,** | **Case No.:  04-CV-0075** |

   **-against-**

**THE MCGUIRE GROUP, INC. and**
**FRANCIS J. MCGUIRE,**

   **Defendants.**

## CLASS ACTION SETTLEMENT VERIFICATION FORM

TO:        All current or former employees of The McGuire Group, Inc. who were employed at any time between February 24, 1997 to April 30, 2003 as a full-time, hourly Registered Nurse ("RN") or Licensed Practical Nurse ("LPN"), or a full-time Certified Rehabilitative Aides ("CRA"), or in similar positions at any of the Defendants' locations.

FROM:    Lipman & Plesur, LLP, counsel for Theresa Varley and Judy Altman, former employees of The McGuire Group, Inc.; and Jackson Lewis LLP, counsel for The McGuire Group, Inc. and Francis J. McGuire.

As explained in detail in the "Notice of Proposed Settlement" (the "Notice"), if you are a member of the group to whom the Notice is addressed and you do not opt out of the Class, you will be a member of the lawsuit and will be bound by the result.  **In order to receive any monetary distribution, you must timely submit the attached Class Member Verification Form confirming your eligibility to participate.**

To submit the Class Member Verification Form, you must fill it out, sign it, and mail it to the Settlement Administrator at _____in the enclosed prepaid envelope, postmarked on or before January 31, 2006.  If you do not timely submit this Class Member Verification Form, you will not be eligible to receive any monetary distribution, but will be bound by the Judgment in this case.

**If you are a current employee, you should know that The McGuire Group will not know which current employees fill out the verification form.  You should also know that The McGuire Group is prohibited by law from retaliating against you for participating in this settlement.  The class member verification form will be sent to an independent company administering the settlement; it will not be shared with your manager or anyone working in your facility.**

The McGuire Group emphasizes that there will be no retaliation against any class member for remaining in the class and signing the verification form.

Class Counsel believes it is in the best interest of each class member that each class member accept the settlement and sign the verification form.

# CLASS MEMBER VERIFICATION FORM

*Theresa Varley and Judy Altman, et al. v. The McGuire Group, Inc. and Francis J. McGuire,*
**Case No.  04-CV- 0075**

Please type or print in ink the following information:

1.   I, _____, wish to join the above action.  [print name]

2.   My present address
is:_____

3.   **[Optional]**  My home phone number is:  _____; my e-mail address is:  _____.

4.   I am a member of the class described in the Notice.  For the time period described in the Notice, I was/am entitled to additional compensation because I performed work before and/or after my scheduled shift and/or during meal breaks for which I was not paid.  I agree to be bound by the judgment herein and, by my signature below, I hereby agree to opt-in to this case and agree to the following release of all claims under federal and state wage and hour laws during the Recovery Period covered by this Settlement (February 24, 1997 to April 30, 2003):

The undersigned, being a Qualified Class Member, or the heir, executor, representative, successor or assign of a Qualified Class Member, for good and sufficient consideration, the receipt and sufficiency of which are hereby acknowledged, does forever and fully release Defendants, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them (collectively, the "Releasees") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever which any Class Member has or might have, known or unknown, of any kind whatsoever, arising during or relating to the Recovery Period (February 24, 1997 to April 30, 2003), growing out of or in connection in any manner with any facts, acts, transactions, occurrences, events or omissions that are based upon, arise out of, or in any way relate to claims for wage and hour compensation under federal or state law.

_____
[signature, preferably in blue ink]

Signed on _____, 200__ at
_____                                    [City, Sta

**THIS CLASS MEMBER VERIFICATION FORM WILL BE SENT TO AN INDEPENDENT COMPANY ADMINISTERING THE SETTLEMENT; IT WILL NOT BE SHARED WITH YOUR MANAGER OR ANYONE WORKING IN YOUR FACILITY.  IT IS UNLAWFUL FOR THE MCGUIRE GROUP, INC. TO RETALIATE AGAINST YOU FOR FILLING OUT THE CLASS MEMBER VERIFICATION FORM AND PARTICIPATING IN THIS SETTLEMENT.**

You must sign and return this form to the Settlement Administrator at _____in order to obtain your share of the settlement funds that have been preliminarily approved by the Court to be paid to you.  The McGuire Group, Inc.  has agreed to pay you your share of the settlement funds if you sign and return this form.  Please return this form by _____ in order to receive any monetary compensation under the settlement agreement.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THERESA VARLEY and JUDY ALTMAN,** *et al.*, | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No.: 04-CV-0075** |
| | ) |
| **THE MCGUIRE GROUP, INC. and FRANCIS J. MCGUIRE,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## CLASS ACTION OPT OUT FORM

TO:     All current or former employees of The McGuire Group, Inc. who were employed at any time between February 24, 1997 and April 30, 2003 as full-time Certified Rehabilitative Aides ("CRAs") or full-time, hourly Registered Nurses ("RNs") or Licensed Practical Nurses ("LPNs") or in similar positions at any of Defendants' locations.

FROM:     Lipman & Plesur LLP, counsel for Theresa Varley and Judy Altman, former employees of The McGuire Group, Inc., and Jackson Lewis LLP, counsel for The McGuire Group, Inc. and Francis J. McGuire.

As explained in detail in the "Notice of Proposed Settlement" (the "Notice"), the Court has conditionally approved a settlement in the above-entitled action of which you are a member. **If you are a member of the group to whom the Notice is addressed and you do not wish to participate in the class settlement, you must timely submit this Opt Out form confirming your desire to exclude yourself from the class.  If you submit this Opt Out form, you will <u>not</u> receive any settlement payment under the Settlement Agreement and will not be bound by the Judgment in that case.**

This Opt Out Form must be filled out, signed, and mailed by registered mail to Class Counsel, with a copy to Defendants' counsel, postmarked on or before _____.

|  |  |
|---|---|
| <u>Class Counsel</u> | <u>Defendants' Counsel</u> |
| Robert D. Lipman, Esq. | Marc S. Wenger, Esq. |
| David A. Robins, Esq. | Jeffrey W. Brecher, Esq. |
| Lipman & Plesur LLP | Jackson Lewis LLP |
| 500 North Broadway, Suite 105 | 58 South Service Road, Suite 410 |
| Jericho, NY  11753 | Melville, NY  11747 |
| Telephone:  (516) 931-0050 | Telephone: (631) 247-0404 |
| Facsimile:   (516) 931-0030 | Facsimile: (631) 247-0417 |

**Class Member Opt Out Form**

*Theresa Varley and Judy Altman, et al.  v. The McGuire Group, Inc. and Francis J. McGuire,*
*C*ase No. 04-CV-0075

Please type or print in ink the following information:

1.     I, _____, DO NOT wish to join the above action.
                              [print name]

2.     My present address is: _____

                              _____

                              _____

3.     I am/was employed at The McGuire Group, Inc. at

       _____ [location].

       as a _____ [position] from _____ to _____.

4.     I am a member of the class described in the Notice.  However, I do not wish to participate
       in the class and settlement and hereby opt out of the class and settlement.  I understand
       and acknowledge that I will not be bound by the judgment in the Lawsuit with respect to
       any legal claims and may be free to pursue an individual claim, if any, against
       Defendants, and that I will not be entitled to receive the benefits of the class action
       settlement.

                              _____
                              [signature, preferably in blue ink]

Signed on _____, 200__ at _____
                                            [City, State]

2