UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESA VARLEY and JUDY ALTMAN, et al.,
individually, on behalf of all others similarly
situated, and as class representatives,

                              Plaintiffs,

        v.                                                **DECISION AND ORDER**
                                                          04-CV-75S

THE MCGUIRE GROUP, INC. and
FRANCIS J. MCGUIRE,

                              Defendants.

        1.      This action was commenced in this district on February 2, 2004.[1]  Plaintiffs

assert claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq., and the New York Wage and Hour Law for Defendants' alleged failure to pay certain

wage and overtime amounts to various classes of employees between February 24, 1997,

and April 30, 2003.  Defendants deny Plaintiffs' allegations.  After engaging in voluntary

discovery and mediation, the parties reached a settlement and filed a proposed settlement

agreement on August 12, 2005.  (Docket No. 168.)

        2.      On September 1, 2005, this Court issued an Order preliminarily approving

the proposed settlement agreement and providing for notice of the settlement to the class.

(Docket No. 171.)  Based on its preliminary review, this Court found that the settlement

was fair, just, reasonable and in the best interest of the named plaintiffs and the class as

defined in the proposed settlement agreement.  (Docket No. 171.)  Pursuant to Rule 23(e)

of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to

further discuss the terms of the settlement and to provide an opportunity for any objections

---

[1]This case was transferred here from the Eastern District of New York.  The Complaint was filed
in that district on February 24, 2003.

to be heard.

3.      On January 19, 2006, counsel appeared before this Court for the Fairness

Hearing.  Counsel advised that no written objections to the settlement had been received[2]

and no one appeared at the Fairness Hearing to voice an objection or otherwise be heard

to contest the settlement.  As such, this Court proceeded directly to a colloquy with counsel

concerning the relevant factors that must be considered in determining whether to approve

the settlement.  See In re WorldCom, Inc. Sec. Litig., 388 F.Supp.2d 319, 336-37 (S.D.N.Y.

2005) (discussing relevant factors).[3]  For the most part, the substance of that discussion

is set forth below.  The full text of that discussion is, however, incorporated herein by

reference. (Docket No. 174.)   For the following reasons, the proposed settlement is

approved.

4.      Rule 23(e) requires that any settlement of a class action be approved by the

court.  In reviewing a proposed class action settlement, the court must "carefully scrutinize

the settlement to ensure its fairness, adequacy and reasonableness, and that it was not

a product of collusion."  D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001) (citation

omitted); see also Joel A. v. Giuliani, 218 F.3d 132, 138 (2d Cir. 2000).  The court must

"eschew any rubber stamp approval" yet simultaneously "stop short of the detailed and

thorough investigation that it would undertake if it were actually trying the case."  City of

Detroit v. Grinnell Corp., 495 F.2d 448, 462 (2d Cir. 1974).

5.      The fairness of the proposed settlement must be determined "by examining

---

[2]This Court's Order preliminarily approving the settlement set forth specific instructions for filing written objections to the proposed settlement.  (Docket No. 171.)

[3]The legal standard set forth below borrows heavily from the comprehensive discussion of class action settlement approval requirements contained in In re WorldCom.

the negotiating process leading up to the settlement as well as the settlement's substantive terms." D'Amato, 236 F.3d at 85.  The court should analyze the negotiating process in light of "the experience of counsel, the vigor with which the case was prosecuted, and the coercion or collusion that may have marred the negotiations themselves." Malchman v. Davis, 706 F.2d 426, 433 (2d Cir. 1983) (citation omitted). The court must be satisfied that the settlement was the result of "arm's-length negotiations" and that plaintiffs' counsel engaged in the discovery "necessary to effective representation of the class's interests." D'Amato, 236 F.3d at 85.

6.      In evaluating the substantive fairness of a settlement, a district court must consider the following factors, if applicable:

> (1) the complexity, expense and likely duration of the litigation,
>
> (2) the reaction of the class to the settlement,
>
> (3) the stage of the proceedings and the amount of discovery completed,
>
> (4) the risks of establishing liability,
>
> (5) the risks of establishing damages,
>
> (6) the risks of maintaining the class action through the trial,
>
> (7) the ability of the defendants to withstand a greater judgment,
>
> (8) the range of reasonableness of the settlement fund in light of the best possible recovery, [and]
>
> (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

D'Amato, 236 F.3d at 86 (citation omitted); In re WorldCom, 388 F.Supp.2d at 337.

7.      Finally, "public policy favors settlement, especially in the case of class actions." In re WorldCom, 388 F.Supp.2d at 337. "There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation." Weinberger v. Kendrick, 698 F.2d 61, 73 (2d Cir. 1982).

8.      This Court is altogether satisfied that the proposed settlement in this action meets both the procedural and substantive requirements set forth above.  As for the procedural requirements, counsel left no doubt at the Fairness Hearing that the settlement of this action was obtained through arms-length discussions after a period of extensive voluntary discovery.  Moreover, counsel both commended the work of the mediator in this case, Richard Griffin, Esq., and related that he enjoyed the trust and respect of both sides during the mediation process.  It is clear to this Court that both the class and Defendants were represented by experienced, professional and zealous advocates who were appropriately aggressive in litigating this action to the mediation resolution.

9.      As for the substance of the proposed settlement, this Court is convinced based on an examination of the relevant factors that the proposed settlement is substantively fair and reasonable.  First, this litigation was complex, both legally and practically.  A significant jurisdictional issue remained outstanding involving whether this Court had jurisdiction to entertain Plaintiffs' federal and state claims in a combined action. With no direct circuit authority, this issue would likely have required the expenditure of significant resources by both sides and undoubtedly would have extended the duration of this case. As a practical matter, access to the time cards and other relevant evidence was made difficult by the fact that they were not electronically stored.  Counsel had to comb through boxes of time cards stored in a warehouse in order to gather a representative

4

sampling.  Further complicating this litigation was the difficulty in interpreting the time records that were kept in military time and included difficult to decipher notations.  Finally, counsel reports that considerably more discovery would have taken place had this case proceeded to trial due to the number of outstanding factual issues.  This would have added significant cost and delay to this litigation.

10.    Second, Plaintiffs' counsel reported that the feedback he has received from the class members is that they are satisfied with the terms of the settlement and view their recovery as fair.  Moreover, this Court notes that none of the class members filed written objections to the proposed settlement or appeared at the Fairness Hearing, which in this Court's view evidences the overall fairness of the settlement.

11.    Third, this Court is satisfied that Plaintiffs' counsel had adequate discovery to negotiate a fair and reasonable settlement of the disputed claims.  Counsel reported that they engaged in informal discovery, including both the sampling of time records as well as the interviewing of employees.  Discovery was fair to both sides and counsel reported that they obtained sufficient information from which they and the mediator calculated the formula used to determine individual recovery.

12.    Fourth, both sides were faced with significant risks if the litigation continued to trial.  Plaintiffs risked the possibility that after lengthy and expensive litigation, they would receive no recovery or a significantly less favorable recovery than that offered by the settlement.   Defendants, of course, risked the opposite possibility that drawn-out, expensive litigation could result in a verdict against them in an amount more significant than the known cost of the settlement.  In addition, the risks of maintaining the class throughout the litigation was real.  Defendants are on record as stating that they would

5

have challenged class certification were this case to continue, which could have dramatically impacted Plaintiffs' case and their ability to establish liability and damages. This is particularly so because the law in this circuit is unsettled as it relates to maintaining a combined action with both federal and state wage claims as a class action suit.  Both sides also would run the risk of an appeal and its attendant litigation and delay.

13.    Finally, counsel reports that Defendants' ability to withstand a judgment greater than the settlement amount was not a factor in the negotiations.   The total settlement amount is $784,282.30.  This figure was largely driven by applying the agreed-upon formula to the members of the class.  Defendants' ability to pay was simply not taken into account.  This Court finds that this figure is reasonable in light of the attendant risks of litigation to both sides.

14.    Accordingly, for the reasons discussed above and those stated on the record at the Fairness Hearing, this Court finds that the terms of the proposed settlement are fair, reasonable and in the best interests of Plaintiffs and the class.  Consequently, the settlement is approved.

IT HEREBY IS ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this Decision and Order, this Court adopts and incorporates the definitions set forth in the settlement agreement (Docket No. 168).

FURTHER, that this Court hereby approves the settlement set forth in the settlement agreement (Docket No. 168) and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all

its terms and provisions.

FURTHER, that Plaintiffs and all other members of the class who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the settlement agreement.  All such matters are hereby finally concluded, terminated and extinguished.  Those who have properly and timely excluded themselves are listed on Exhibit A, attached hereto.

FURTHER, that the notice given to members of the class fully and accurately informed the members of the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the class, complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the settlement agreement.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   February 7, 2006
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESA VARLEY and JUDY ALTMAN, et al.,
individually, on behalf of all others similarly
situated, and as class representatives,

                              Plaintiffs,

        v.                                                    **DECISION AND ORDER**
                                                                    04-CV-75S

THE MCGUIRE GROUP, INC. and
FRANCIS J. MCGUIRE,

                              Defendants.

# EXHIBIT A

### OPT-OUT LIST

1.    Bienz, Lana S.
2.    Brosha, Cheryl Higgins
3.    Brzykcy, Susan
4.    Fauzey-Eisenhauer, Carla L.
5.    Hicks, Jamie
6.    Hopkins, Cara S.
7.    Persson, Elizabeth D.
8.    Taylor Wagner, Carol
9.    Wilson, Patricia L.